UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Abingdon Division

---

PATRICK LAMBIE, individually and on behalf of all
others similarly situated,

                              Plaintiff,

     v.                                              Case No.

ENTEGEE, INC.                                        FLSA/VOWA Collective Action
                                                     Demand for Jury Trial
And

SUNCOKE ENERGY, INC.

                              Defendants.

---

## COMPLAINT

---

Plaintiff Patrick Lambie, individually and on behalf of all others similarly situated ("Plaintiff"), respectfully moves for judgment against Defendants Entegee, Inc.("Entegee") and SunCoke Energy, Inc. ("SunCoke") (individually or collectively, "Defendants") as follows:

### I.    SUMMARY OF ACTION

1.    This is a claim for unpaid overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") and the Virginia Overtime Wage Act, VA Code, § 40.1-29.2, in effect from July 1, 2021 through June 30, 2022 ("VOWA") arising out work that Plaintiff, and others similarly situated, performed as employees of Defendants, jointly or individually.

2.    Plaintiff alleges Defendants violated and continue to violate the FLSA and

VOWA through their practice of not paying overtime compensation to Plaintiff and other similarly situated employees when they work more than 40 hours in a week.

3.      Plaintiff Lambie worked for Defendants in a position called Project Engineer. He was paid by Entegee on an hourly basis. He worked on SunCoke projects and was supervised by and reported to SunCoke personnel.

4.      Plaintiff and similarly situated employees are paid on an hourly basis.

5.      Due to their hourly pay, there is no FLSA or VOWA exemption that applies to prevent Plaintiff and similarly situated employees from being entitled to overtime pay at a rate not less than 1.5 times their regular pay rates when they work more than 40 hours in a workweek.

6.      Defendants do not pay overtime compensation to Plaintiff and similarly situated employees at the required 1.5 times their regular pay rates. Instead, when Plaintiff and similarly situated employees work more than 40 hours in a workweek, Defendants pay only their regular hourly rates for the overtime hours worked.

7.      The FLSA Collective is made up of all persons who have been employed by either or both Defendants, as a Project Engineer, or in a comparable position, and were paid on an hourly basis, within three years prior to this action's filing, or longer if equitable tolling is granted, to the trial of this action (the "FLSA Collective Period"). Included in this definition are individuals paid by Entegee for work they do for companies other than SunCoke. If Defendants applied the straight-time-for-overtime pay practice described herein only to employees paid equal to or greater than a certain hourly rate, the FLSA Collective comprises the above employees paid equal to or greater than that hourly rate.

8.      Plaintiff, on behalf of himself and all similarly situated employees, seeks unpaid

overtime wages, liquidated damages, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' FLSA violations.

9.      The VOWA Collective is made up of all persons who have been employed by either or both Defendants in Virginia, as a Project Engineer, or in a comparable position, and were paid on an hourly basis, at any time from July 1, 2021 through June 30, 2022 (the "VOWA Collective Period"). Included in this definition are individuals paid by Entegee for work they do for companies other than SunCoke. If Defendants applied the straight-time-for-overtime pay practice described herein only to employees paid equal to or greater than a certain hourly rate, the VOWA Collective comprises the above employees paid equal to or greater than that hourly rate.

10.     Plaintiff, on behalf of himself and others similarly situated, seeks unpaid overtime wages, liquidated damages, triple damages, pre and post judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' VOWA violations.

11.     Plaintiff reserves the right to propose amended class definitions and/or sub-classes in his motions for collective action and/or class action certification, or to add class claims under Rule 23 of the Federal Rule of Civil Procedure, to the extent discovery warrants such amendments or subclasses.

## II.    JURISDICTION AND VENUE

12.     This Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331, as well as 29 U.S.C. § 216 in that the Plaintiff may bring this action in any appropriate United States District Court.

13.     The Court has supplemental jurisdiction over the state law VOWA claims

pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy. In short, Defendants' pay policies and practices with respect to the non-payment of overtime allegedly violate the FLSA and VOWA.

14.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Civil Rule 2(B) since the acts and omissions giving rise to this lawsuit have taken place in this division in the Western District of Virginia. Plaintiff worked for Defendants in this division.

15.     Each Defendant is subject to personal jurisdiction in the Commonwealth of Virginia. Each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

### III.    PARTIES

16.     Plaintiff Lambie was employed by Defendants in Virginia in a position called Project Engineer from approximately July 30, 2021 through January 10, 2022. At all times relevant, Plaintiff was an "employee" as defined in the FLSA and VOWA.

17.     Defendant Entegee, Inc. ("Entegee") is a Massachusetts corporation with its principal office address in Massachusetts or Florida. According to filings with the Virginia State Corporation Commission and the Florida Department of State Division of Corporations, Defendant Entegee has a principal office address at 70 Blanchard Rd Ste 106, Burlington, MA, 01803 – 5100. According to filings with the Massachusetts Secretary of the Commonwealth, however, Defendant Entegee has a principal office address of 10151 Deerwood Park Blvd. Bldg. 200, Ste. 400, Jacksonville, FL 32256. Plaintiff reserves the right to transfer this case at his option to the state where Defendant has its principal office once that is ascertained. Defendant

4

Entegee is an "employer" as defined by the FLSA and VOWA. Upon information and belief, Defendant Entegee sometimes does business as "Mid-States Technical."

18.     Defendant SunCoke Energy, Inc. ("SunCoke") is a publicly-traded Delaware corporation with its principal office address (according to filings with the Securities Exchange Commission and SunCoke's website) at 1011 Warrenville Rd., Ste 600, Lisle, IL 60532. Defendant SunCoke is an "employer" as defined by the FLSA and VOWA.

19.     Defendant SunCoke uses Defendant Entegee and other staffing firms to obtain engineers and similar employees for its operations. The engineers work directly for SunCoke and are paid by Entegee or another staffing firm.

20.     At all times relevant, Defendants were the joint employers and/or individual employers of Plaintiff and other similarly situated workers.

21.     At all times relevant, Defendants exercised control over the terms and conditions of the employment of Plaintiff and other similarly situated workers.

22.     Plaintiff is informed, believes, and thereon alleges that each Defendant's gross annual sales made or business done is $500,000.00 or greater. Each Defendant operates in interstate commerce by, among other things, buying and/or selling goods and/or transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states. Defendants' employees, including Plaintiff and similarly situated employees, were engaged in commerce and/or in the production of goods for commerce.

### IV.    FACTUAL ALLEGATIONS

**A.    Background – Defendants Entegee and SunCoke**

5

23.    Defendant Entegee is an engineering placement company or staffing agency. It provides companies with engineers. The companies pay Entegee, and Entegee pays the engineers, for the work the engineers do for the companies.

24.    Defendant SunCoke is a producer of the coal product coke. It is a raw material processing and handling company serving steel and power customers. Its principal business is in coke making and logistics. SunCoke has facilities in Illinois, Indiana, Ohio and Virginia, and conducts international operations in Brazil.

25.    SunCoke uses Entegee to obtain engineers, like Plaintiff and similarly situated employees, to work at its facilities.

26.    During the time period relevant to this action, each Defendant has employed multiple Project Engineers, and other employees with substantially similar job duties, regardless of job title.

27.    During the time period relevant to this action, Defendants jointly or individually had a policy and practice of not paying the required overtime compensation of at least 1.5 times their regular rates of pay to Project Engineers and other employees with substantially similar job duties, when they worked more than 40 hours in a week.

28.    When these employees ask why they are not being paid overtime, their supervisors tell them (incorrectly) that they are not entitled to overtime compensation, even as the supervisors suffer or permit or require them to work more than 40 hours in week.

**B.    Additional Allegations Regarding Employer / Single Enterprise / Joint Employment**

29.    Defendant SunCoke Energy, Inc. and its subsidiaries and parents constitute a

6

single enterprise that is an employer or joint employer of Plaintiff and others similarly situated. These entities engage in related activities, are subject to common control or unified operations, and are linked by a common business purpose.

30.     Defendant SunCoke is/was the employer or a joint employer of Plaintiff and similarly situated employees (as defined in the FLSA Collective and VOWA Collective), and Plaintiff and all similarly situated employees are/were employees of SunCoke.

31.     Defendant Entegee, Inc. and its subsidiaries and parents constitute a single enterprise that is an employer or joint employer of Plaintiff and others similarly situated. These entities engage in related activities, are subject to common control or unified operations, and are linked by a common business purpose.

32.     Defendant Entegee is/was the employer or a joint employer of Plaintiff and similarly situated employees (as defined in the FLSA Collective and VOWA Collective) who were paid by Entegee, and Plaintiff and all such similarly situated employees are/were employees of Entegee.

33.     Alternatively, Defendant SunCoke and Defendant Entegee (and other staffing companies used by SunCoke) are joint employers of Plaintiff and similarly situated employees.

34.     Defendant SunCoke and Defendant Entegee (and other staffing companies used by SunCoke) are joint employers of Plaintiff and similarly situated laborers employees because, among other reasons, SunCoke and Entegee (and other staffing companies used by SunCoke) jointly determine, share, or allocate the power to:

      a.     direct, control, or supervise the employees;

      b.     hire or fire the employees; and

      c.    modify the terms or conditions of the employees' employment.

35.     For example, Plaintiff and similarly situated employees were supervised by and reported to direct SunCoke employees. Their supervisory employees were direct employees of SunCoke, paid directly by SunCoke. SunCoke has the power to hire, fire, and modify the terms or conditions of Plaintiff's and similarly situated employee's employment. For example, SunCoke assigned Plaintiff his tasks and set his work schedule.

36.     In addition, SunCoke and Entegee (and other staffing companies used by SunCoke) are joint employers of Plaintiff and similarly situated employees because, among other reasons, SunCoke and Entegee (or other staffing company) jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, including but not limited to handling payroll; or providing the tools necessary to complete the work. For example, SunCoke provides the computer and common software programs used by Plaintiff and similarly situated employees for their work, and Entegee (or other staffing company) handles payroll.

37.     In addition, SunCoke and Entegee (and other staffing companies used by SunCoke) are joint employers of Plaintiff and similarly situated employees because, among other reasons, SunCoke and the staffing companies it uses have long-term relationships with a high degree of permanency.

**C.    Background – Plaintiff Lambie**

38.     From approximately July 30, 2021 through January 10, 2022 Plaintiff Lambie worked for Defendant SunCoke and/or Defendant Entegee, individually, or jointly for Defendants SunCoke and Entegee. At all times relevant to this action, Plaintiff worked at a SunCoke facility in Buchanan County, Virginia.

39.     During the entire period of his employment, Plaintiff worked in a position called Project Engineer.

40.     Plaintiff and all similarly situated employees were paid on an hourly basis. Plaintiff's hourly rate was $55.00 per hour.

41.     Plaintiff was not paid on a salary or fee basis.

42.     Plaintiff was supervised by Bob Carroll, a direct employee of SunCoke. Plaintiff was recruited to the position by John McCaw, a Senior Technical Recruiter with Entegee, and Brent Link, a Managing Director with Entegee and/or Entegee d/b/a Mid-States Technical.

43.     Defendants have multiple Project Engineers or other employees with substantially similar job duties and pay structure regardless of title.

44.     Upon information and belief, SunCoke has numerous Project Engineers or other employees with substantially similar pay structure and job duties that SunCoke directly employs or jointly employs with placement companies like Entegee.

45.     Entegee has numerous Project Engineers or other employees with substantially similar pay structure and job duties that Entegee directly employs or jointly employs with companies like SunCoke with which it places engineers.

46.     The primary job duty of the Project Engineer position is/was to assist the supervisory personnel of SunCoke or Entegee's other clients, such as VPs of engineering operations, operation managers, field supervisors, field engineers, and other supervisory personnel with projects. For example, at the SunCoke facility, Plaintiff worked on a project to repurpose land for the storage of coke. This involved a significant amount of blue-collar, manual work on SunCoke's land, in and around the SunCoke plant, and on the plant floor.

9

47.    All Project Engineers had the same or similar basic job duties.

48.    Plaintiff and similarly situated employees did not have authority to hire or fire employees. They did not have authority to discipline employees.

49.    When Plaintiff inquired about not getting paid 1.5 times his regular hourly rate for hours he worked in excess of 40 hours per week, Entegee Managing Director Brent Link and Senior Technical Recruiter John McCaw both told Plaintiff (incorrectly) that he was not entitled to overtime pay. Defendants knew or should have known that Plaintiff and similarly situated employees were entitled to overtime pay due to their job duties and because they were paid on an hourly basis.

50.    SunCoke manager Bob Carroll further told Plaintiff that Plaintiff and other similar employees were only paid straight time for overtime, rather than the required 1.5 times their regular hourly rates when they worked in excess of 40 hours week.

51.    Entegee Managing Director Brent Link told Plaintiff he and similarly situated employees were only paid straight time for overtime, rather than the required 1.5 times their hourly rates, when they worked more than 40 hours, because of the amount of their hourly rates.

52.    SunCoke paid Entegee a straight hourly rate for all hours worked by Plaintiff and similarly situated employees, without overtime premiums when Plaintiff and similarly situated employees worked more than 40 hours in a week.

53.    Defendants knowingly failed to pay Plaintiff and similarly situated employees the overtime compensation to which they are legally entitled under the FLSA and VOWA.

54.    Plaintiff and all similarly situated employees were paid strictly on an hourly basis.

55.    When Plaintiff and similarly situated employees worked fewer than 40 hours in a

week, they are/were only paid for the hours worked. They were not paid on a salary basis.

56.     For example, in the workweek ending 11/28/2021, Plaintiff worked only 26 hours. He was paid his hourly rate for only those 26 hours, and no more. Plaintiff's pay stubs confirm that he was paid on an hourly basis.

57.     When Plaintiff and similarly situated employees worked more than 40 hours in a week, they are/were just paid their regular hourly rates for all hours without the required overtime premiums for the hours over 40.

58.     For example, in the workweek ending 12/05/2021, Plaintiff worked 61 hours. He was paid only his regular straight hourly rate for those 61 hours, with no overtime premium for the hours worked in excess of 40.

59.     Defendants use an online timekeeping system, where the employees log the hours they work each day and week.

60.     Plaintiff regularly worked more than 40 hours per week. Defendants knew Plaintiff was working more than 40 hours per week because of the amount of his time records and paystubs showing the overtime hours; the amount of work he was assigned, due to his supervisors instructing him and approving him to work long hours; because he communicated with his supervisors about working the long hours; his supervisors communicated with him on work issues outside of regular hours; and the time stamps on his work and emails confirming that Plaintiff worked these hours, among other reasons.

61.     Even though Plaintiff regularly worked more than 40 hours per week, Defendants did not pay Plaintiff the required overtime premium of not less than 1.5 times his regular rate of pay for the time he worked in excess of 40 hours per week.

62.     During his employment Plaintiff Lambie worked approximately 26 - 80 hours per week. The hours he worked are reflected on his time entries and paystubs.

63.     Defendants did not pay Plaintiff 1.5 his regular rate of pay for the hours he worked in excess of 40 hours per week. They paid him only his regular hourly rate for all hours, including the overtime hours.

64.     Based on Plaintiff's experience, Plaintiff asserts Defendants had a practice paying only straight hourly wages and not paying overtime compensation at the required 1.5 rate to any of their Project Engineers or similarly situated employees.

### C.    Defendants' Knowledge of Overtime

65.     Defendants' representatives told Plaintiff (incorrectly) that he was not entitled to overtime compensation. Defendants knew or should have known that Plaintiff and similarly situated employees were in fact entitled to overtime compensation.

66.     Defendants knew or should have known Plaintiff and similarly situated employees worked more than 40 hours some weeks because, inter alia, of the time shown on their time entries and paystubs; the amount of work that was assigned to Plaintiff and similarly situated employees, the time stamps on their data entry, computer login/logout, phone call logs, and emails confirming that they worked these hours, and their supervisors communicated with them about the long hours and communicated with them while they were working the overtime hours, and other means.

67.     Defendants had a policy and practice of not paying overtime compensation to Plaintiff and similarly situated employees, including Project Engineers and similarly situated employees even though they worked in excess of 40 hours some weeks.

68.     Defendants regularly scheduled or required Plaintiff and similarly situated employees to work in excess of 40 hours per week.

69.     Plaintiff and similarly situated employees regularly worked in excess of 40 hours per week.

70.     If Defendants maintained accurate employee time records, the records show Plaintiff and similarly situated employees working in excess of 40 hours per week.

71.     Plaintiff and similarly situated employees were entitled to overtime compensation equal to one and a half times their regular rate of pay for all time worked in excess of 40 hours per week.

**E.     Defendants' Policy and Practice of Not Paying Overtime Compensation to Project Engineers and Similarly Situated Employees**

72.     Even though Plaintiff and similarly situated employees worked more than 40 hours in a week, Defendants did not pay them overtime compensation of 1.5 times their regular hourly rates for the hours in excess of 40. Defendants did not pay their Project Engineers or other similarly situated employees the required minimum of 1.5 times their regular hourly rates for hours worked in excess of 40 per week.

73.     Defendants had a policy and/or practice of not paying overtime compensation of at least 1.5 times the regular hourly rate to Plaintiff and other similarly situated employees, including Project Engineers, for time worked in excess of 40 hours per week.

74.     Defendants' pay records show their practice of not paying overtime compensation to Plaintiff and similarly situated employees.

75.     Plaintiff and all similarly situated employees were, and continue to be, paid on an

13

hourly basis.

76.    Defendants suffered and/or permitted and/or required Plaintiff and similarly situated employees to work more than 40 hours per week without overtime compensation of 1.5 times their regular hourly rates.

77.    Defendants knew or should have known that their policy and/or practice of not paying Project Engineers and similarly situated employees the required overtime compensation for time worked in excess of 40 hours per week violated the overtime provisions of the Fair Labor Standards Act and the Virginia Overtime Wage Act, and other applicable laws.

**F.    Additional Allegations**

78.    Plaintiff and similarly situated employees were not employed in any bona fide executive, administrative, or professional capacity, and were not covered by the exemptions for computer employees.

79.    Based on their hourly pay and the nature of Plaintiff's and similarly situated employees' job duties, there is no FLSA or VOWA exemption that applies to preclude them from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

80.    Defendants willfully violated the FLSA and VOWA by not paying Plaintiff and similarly situated employees the required overtime compensation.

81.    At all relevant times Defendants intended to deprive Plaintiff and similarly situated employees of the required overtime pay to which they were entitled to under the FLSA and VOWA, or acted with reckless disregard for their rights under the FLSA and VOWA.

82.    At all relevant times Defendants knowingly failed to pay Plaintiff and similarly

14

situated employees the required overtime pay to which they were entitled to under the FLSA and
VOWA.

### V.    FLSA COLLECTIVE ACTION ALLEGATIONS

83.    Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. §
216(b) as Representative Plaintiff on behalf of himself and all other similarly situated employees.
The similarly situated employees are as follows:

a.    **FLSA Collective**: All past and present employees of either or both Defendants
who have been employed by either or both Defendants, as a Project Engineer, or in positions
having substantially similar job duties, and were paid on an hourly basis, within three years prior
to this action's filing, or longer if equitable tolling is granted, to the trial of this action (the
"FLSA Collective Period"). Included in this definition are individuals paid by Entegee for work
they do for companies other than SunCoke. If Defendants applied the straight-time-for-overtime
pay practice described herein only to employees paid equal to or greater than a certain hourly
rate, the FLSA Collective comprises the above employees paid equal to or greater than that
hourly rate.

84.    Defendants employ, and have employed, multiple persons who fit the above
definition and were paid under a similar straight-time-for-overtime pay scheme which deprived
employees of the required overtime pay for time they worked in excess of 40 hours each week.

85.    These employees perform, and have performed, work which entitles them to
payment of overtime compensation which they have not received.

86.    Within the past three years, Plaintiff and similarly situated employees were
subject to a common plan or policy of Defendants to avoid paying overtime wages by not paying

overtime compensation at a rate not less than 1.5 the employee's regular rate to these employees

who were entitled to overtime wages.

87.     Defendants' time records and pay records show Defendants' policy and practice

of not paying overtime compensation to employees who fit the above definition.

88.     Defendants compensated, and continue to compensate, those similarly situated to

Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing

similar job functions.

89.     Upon information and belief, Defendants' pay operations are centrally managed

as a single enterprise, and Defendants' employees meeting the above definition are subject to

common payroll practices.

90.     Defendants' policy of not paying the required overtime compensation amounted

to a willful or reckless disregard of the employees' rights under the FLSA.

91.     Defendants had no good faith basis to believe that not paying overtime

compensation to these employees was somehow allowable under the FLSA.

92.     Plaintiff asserts that Defendants' willful disregard of the overtime wage laws

described herein entitles Plaintiff and similarly situated employees to the application of the three

(3) year limitations period, or longer if equitable tolling is granted.

93.     Plaintiff's job duties, and the job duties or those similarly situated to Plaintiff, are

not exempt from the coverage of the FLSA.

94.     At all relevant times, Plaintiff and other similarly situated employees have been

entitled to the rights, protections, and benefits provided under the FLSA.

95.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff

and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

### A.    Notice of Filing of Consent to Become a Party Plaintiff

96.    Plaintiff hereby files his Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216. Plaintiff's Written Consent Form is attached as Exhibit 1.

### VI.    VOWA COLLECTIVE ACTION ALLEGATIONS

97.    Plaintiff files this statutorily authorized collective action pursuant to VA Code §§ 40.1-29(J) and 40.1-29.2 as Representative Plaintiff on behalf of himself and all other similarly situated employees. The similarly situated employees are as follows:

a.    **VOWA Collective**: All past and present employees of either or both Defendants who have been employed by either or both Defendants, in Virginia, as a Project Engineer, or in a position have substantially similar job duties, and were paid on an hourly basis, at any time from July 1, 2021 through June 30, 2022 (the "VOWA Collective Period"). Included in this definition are individuals paid by Entegee for work they do for companies other than SunCoke. If Defendants applied the straight-time-for-overtime pay practice described herein only to employees paid equal to or greater than a certain hourly rate, the VOWA Collective comprises the above employees paid equal to or greater than that hourly rate.

98.    Defendants employ, and have employed, multiple persons who fit the above

definition and were paid under a similar straight-time-for-overtime pay scheme which deprived employees of the required overtime pay for time they worked in excess of 40 hours each week.

99.    These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

100.    Within the VOWA Collective Period, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendants to avoid paying overtime wages by not paying overtime compensation at a rate not less than 1.5 the employee's regular rate to these employees who were entitled to overtime wages.

101.    Defendants' time records and pay records show Defendants' policy and practice of not paying overtime compensation to employees who fit the above definition.

102.    Defendants compensated, and continue to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

103.    Upon information and belief, Defendants' pay operations are centrally managed as a single enterprise, and Defendants' employees meeting the above definition are subject to common payroll practices.

104.    Defendants' policy of not paying the required overtime compensation amounted to a willful or reckless disregard of their employees' rights under the VOWA.

105.    Defendants had no good faith basis to believe that not paying overtime compensation was somehow allowable under the VOWA.

106.    Plaintiff asserts that Defendants' pay policies and practices and conduct described herein constitute Defendants "knowingly failed to pay wages to an employee in accordance with

… § 40.1-29.2 [the VOWA]" within the meaning of VA Code § 40.1-29(J) and (K).

107.    Plaintiff's job duties, and the job duties or those similarly situated to Plaintiff, are not exempt from the coverage of the VOWA.

108.    At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the VOWA.

109.    Defendants are liable under the VOWA for failing to properly compensate Plaintiff and the VOWA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the VOWA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**A.    Notice of Filing of Consent to Become a Party Plaintiff**

110.    Plaintiff hereby files his Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216 and VA Code §§ 40.1-29(J) and 40.1-29.2. Plaintiff's Written Consent Form is attached as Exhibit 1.

**VI.    CLAIMS**

**COUNT I: VIOLATIONS OF FAIR LABOR STANDARDS ACT**
**(Overtime Violations)**
**(On Behalf of Plaintiff and FLSA Collective)**

111.    Plaintiff alleges and incorporate by reference the preceding paragraphs as if fully set forth herein.

112.    At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employee has been, or continues to be, an

"employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

113.    The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiff and all similarly situated employees are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

114.    By failing to compensate Plaintiff and similarly situated employees with the required overtime compensation for their overtime hours worked, Defendants have violated, and continue to violate the FLSA.

115.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

116.    Plaintiff hereby files his Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216 and VA Code §§ 40.1-29(J) and 40.1-29.2. Plaintiff's Written Consent Forms is attached as Exhibit 1.

117.    Plaintiff seeks damages for himself and all others similarly situated in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT II: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT
#### (Overtime Violations)
#### (On Behalf of Plaintiff and VOWA Collective)

118.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

20

119.    Plaintiff currently does not know whether there are a sufficient number of potential Plaintiffs who physically worked for Defendants in Virginia to satisfy the numerosity requirement for a class or subclass under Fed. R. Civ. P. 23(a)(1). A collective action for the VOWA claims is appropriate pursuant to VA Code §§ 40.1-29.2 and 40.1-29(J).[1] Should discovery reveal a sufficient number of similarly-situated Virginia workers to satisfy the Rule 23 numerosity requirement, Plaintiff reserves the right to amend to assert the VOWA claims as Rule 23 class action claims.

120.    The Virginia Wage Payment Act ("VWPA") provides for collective actions for violations of the VOWA: "[I]f an employer fails to pay wages to an employee in accordance with this section or § 40.1-29.2 [VOWA], the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b)[.]" VA Code § 40.1-29 (J).

121.    Plaintiff brings this VOWA count as a statutorily-authorized collective action pursuant to VA Code § 40.1-29(J), on behalf of himself and the VOWA Collective as defined above.

122.    For time period of July 1, 2021 through June 30, 2022, each Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employee, has been, or continues to be, an "employee" within the meaning of the Virginia Overtime Wage Act, VA Code § 40.1-29.2(A).

123.    The VOWA requires, "For any hours worked by an employee in excess of 40

---

[1] The provisions of VOWA and the VWPA/VOWA collective action provisions cited herein were the provisions in effect from July 1, 2021 through June 30, 2022.

hours in any one workweek, an employer shall pay such employee an overtime premium at a rate

not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207."

VA Code § 40.1-29.2(B). As such, Plaintiff and all similarly situated employees are entitled to

overtime compensation at one and one-half times their regular rates of pay for work performed in

excess of forty hours per week.

124.    By failing to compensate Plaintiff and similarly situated employees with the

required overtime wages for their hours worked in excess of 40 hours per week, Defendants have

violated, and continue to violate the VOWA.

125.    The VOWA provides, "Any employer that violates the overtime wage

requirements of this section shall be liable to the employee for all remedies, damages, or other

relief available in an action brought under subsection J of § 40.1-29 [The Virginia Wage

Payment Act, VA Code § 40.1-29, ("VWPA")]." VA Code § 40.1-29.2(F).

126.    Defendants' pay policies and practices and conduct described herein constitute

Defendants "knowingly failed to pay wages to an employee in accordance with … § 40.1-29.2

[the VOWA]" within the meaning of VA Code § 40.1-29(J) and (K).

127.    Plaintiff hereby files his Written Consent to Become Party to Collective Action

Under 29 U.S.C. § 216 and VA Code §§ 40.1-29(J) and 40.1-29.2. Plaintiff's Written Consent

Form is attached as Exhibit 1.

128.    Plaintiff seeks damages on behalf of himself and the VOWA Collective in the

amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and

attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal

to triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code

§§ 40.1-29.2(F) and 40.1-29(J), all other relief available under the VOWA and VWPA, and all other such legal and equitable relief as the Court deems just and proper.

**FLSA RELIEF REQUESTED**

Wherefore, Plaintiff on behalf of himself and the FLSA Collective requests the following relief against Defendants individually, collectively, jointly, and severally:

A.      An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.      Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C.      Judgment against Defendants for violations of the overtime and/or minimum wage provisions of the FLSA;

D.      Judgment that Defendants' violations as described above were willful;

E.      Money damages for all unpaid overtime and/or minimum wage compensation owed to Plaintiff and similarly situated employees;

F.      Liquidated damages in an amount equal to all unpaid overtime and/or minimum wages owed to Plaintiff and similarly situated employees;

G.      Pre-judgment and post-judgment interest;

H.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I.      Leave to amend to bring additional claims and/or parties, including but not

limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or other applicable law;

    J.      Equitable and injunctive relief as allowed by law; and

    K.      Any and all further relief permissible by law.

## VOWA RELIEF REQUESTED

Wherefore, Plaintiff on behalf of himself and the VOWA Collective requests the following relief against Defendants, individually, collectively, jointly, and severally:

    A.      An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

    B.      Judgment that Plaintiff and similarly situated employees were non-exempt employees entitled to protection under the VOWA;

    C.      Judgment against Defendant for violations of the overtime provisions of the VOWA;

    D.      Judgment that Defendant's violations as described above were willful;

    E.      Judgement that Defendant's violations as described herein constitute Defendant "knowingly failed to pay wages to an employee in accordance with [the VWPA or VOWA]" within the meaning of VA Code § 40.1-29(J) and (K);

    F.      Money damages for all unpaid wages, unpaid minimum wages, and overtime compensation owed to Plaintiff and similarly situated employees;

    G.      Liquidated damages in an amount equal to all unpaid wages, minimum wages,

24

and overtime owed to Plaintiff and similarly situated employees;

     H.      Pre-judgment and post-judgment interest;

     I.       Reasonable attorneys' fees and costs including expert fees expended in the

prosecution of this case and the investigation that preceded it;

     J.      An amount equal to "triple the amount of wages due and reasonable attorney fees

and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J);

     K.      Leave to amend to bring additional claims and/or parties, including but not

limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the

VOWA, VWPA, or other applicable law; and

     L.      Any and all further relief permissible by law.

## DEMAND FOR JURY TRIAL

     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial

for all claims and issues so triable.


Respectfully submitted,

PATRICK LAMBIE,
individually and on behalf of all others similarly situated,
By Counsel

Dated: August 19, 2022

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133
F: (434) 321-1636
tc@coffieldlaw.com
Counsel for Plaintiff