UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Abingdon Division

PATRICK LAMBIE, individually and on behalf of
all others similarly situated,

                Plaintiff,

v.                                       Case No. 1:22-cv-00030-JPJ-PMS

ENTEGEE, INC.

And

SUNCOKE ENERGY, INC.

                Defendants.

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE**

Plaintiff Patrick Lambie and Defendants Entegee, Inc. and SunCoke Energy, Inc. (collectively, "Parties"), by and through their respective counsel, jointly move the Court to approve the Parties' settlement agreement (the "Settlement Agreement") and to dismiss the case with prejudice. . A true and accurate copy of the Settlement Agreement is attached hereto as Exhibit 1. For the following reasons, the settlement is fair and equitable, and properly considers the risks and uncertainties the Parties would face should the case not settle.

**I.    INTRODUCTION**

In this Fair Labor Standards Act ("FLSA") and Virginia Overtime Wage Act ("VOWA") case, Plaintiff and Defendants jointly request that the Court approve the Settlement Agreement reached between the Parties in resolution of a bona fide dispute regarding Plaintiff's entitlement to damages under the FLSA and related state wage laws, Defendants' denial of the same, and

1

dismiss the case with prejudice while maintaining jurisdiction to enforce the terms of the Settlement Agreement. The Parties have engaged in protracted, arms-length settlement negotiations resulting in an agreement to resolve this matter.

The parties seek the Court's approval of their Settlement Agreement because claims under the FLSA and VOWA, like those settled and released by Plaintiff in the Settlement Agreement, may not be waived without Department of Labor or court approval. 29 U.S.C. § 216(b) and (c); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371 (4th Cir. 2005) ("The rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval."); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (accord). Upon examination of the Settlement Agreement, the Court will find that the Settlement Agreement should be approved. The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which all parties were represented by competent and experienced counsel, and the totality of the proposed settlement is a fair and reasonable resolution.

## II.   PROCEDURAL HISTORY

On August 19, 2022, Plaintiff filed this action, seeking to recover alleged unpaid overtime wages, liquidated damages, and attorneys' fees pursuant to the FLSA and the VOWA. (DN 1.) Plaintiff prepared and pleaded the case as a putative collective action under the FLSA and the VOWA. (Id.) Shortly after service, Defendants' counsel contacted Plaintiff's counsel and the Parties initiated settlement discussions. The Parties agreed to extend Defendants' deadlines to file responsive pleadings while they explored settlement. The Parties subsequently began discussions and exchanged informal discovery in an attempt to negotiate a settlement.

The Parties exchanged necessary damages calculation information, which incorporated the necessary wage and time information, as well as other information to allow them to engage in full and complete settlement discussions regarding the allegations.

On November 9, 2022, the Parties reached verbal agreement as to the resolution of Plaintiff's claims. These terms were subsequently memorialized in writing. The Parties drafted and agreed to the terms contained in the Settlement Agreement, which has been executed by all Parties. The Parties then filed a Joint Motion to Approve Settlement Agreement and to Dismiss the Case with Prejudice, which was accompanied by a Proposed Order and this Memorandum in Support of the Motion.

### III.   THE PARTIES' LITIGATION POSITIONS AND PERTINENT SETTLEMENT TERMS

Plaintiff alleges he was employed by Defendants as a Project Engineer from approximately July 2021 to the beginning of January 2022. He claims that he and other Project Engineers, paid on an hourly basis, were misclassified as exempt employees under the FLSA and VOWA, and consequently were denied overtime pay to which they were entitled when they worked in excess of 40 hours in a week. Plaintiff further alleged he routinely worked in excess of 40 hours per week.

Plaintiff filed the case as a putative collective action with respect to the above practices and alleged employee misclassification. However, the Parties reached a Settlement Agreement as to Plaintiff's claims without other plaintiffs having joined the case. Thus, the Parties agree settlement of Plaintiff's claims resolves the case.

Defendants were expected to deny Plaintiff's allegations. Defendants were expected to assert that Plaintiff was properly classified as exempt from the FLSA and the VOWA overtime provisions as an executive, administrative, professional, and/or highly compensated employee and therefore was not entitled to overtime pay.

Plaintiff also sought liquidated damages under the FLSA and triple damages under the VOWA in the complaint. Defendants argued that Plaintiff were not entitled to liquidated damages under the FLSA or triple damages under the VOWA. Defendants asserted that they always acted reasonably and in good faith, and with reasonable grounds to believe that their actions did not violate the FLSA or the VOWA. Defendants further asserted that at no time did they "knowingly fail[]" to pay overtime owed, Va. Code § 40.1-29(J)-(K) (2021), and therefore that triple damages were not available under the VOWA.

According to the Plaintiff's damages model, based on Plaintiff's pay and time records showing overtime hours worked, if Plaintiff prevailed on his overtime claim and the jury found Plaintiff was owed overtime wages, Plaintiff would receive approximately $15,001.25 in unpaid overtime wages covering his full six-month employment.

Plaintiff would have been entitled to liquidated (double) damages under the FLSA unless Defendants proved that the alleged violations were in good faith. *See* 29 U.S.C. § 260. Thus, on Plaintiff's best day at trial under the FLSA, the total amount owed to Plaintiff for unpaid wages and liquidated damages under the FLSA would equal $30,001.50. Under the VOWA, if Plaintiff had proven that Defendants "knowingly failed" to pay overtime owed, he would have been entitled to triple damages instead of double damages. *See* Va. Code §§ 40.1-29.2 (2021); 40.1-29(J)-(K) (2021).[1] In addition, had Plaintiff prevailed he would have been entitled to reasonable costs and attorneys' fees. *See* 29 U.S.C § 216(b); Va. Code § 40.1-29(J) (2021).

If, alternatively, a jury agreed with Defendants, Plaintiff would have no damages, and would have to pay the costs of an unsuccessful litigation, making him worse off financially than if he had not filed suit.

---

[1] The citations to Va. Code §§ 40.1-29.2 (2021) and 40.1-29(J)&(K) (2021) are to those laws as they existed during Plaintiff's employment.

4

The Parties recognize that the expenses attendant to further litigation and trial would be significant.

During the course of informal discovery and settlement discussions, Plaintiff produced to Defendants his damages model and the Parties discussed the facts and law bearing on whether liquidated damages or triple damages would be available should Plaintiff prevail on his overtime claims.

Although Defendants deny any liability in this matter, in the interest of resolution, and in light of the uncertainties of litigation, Defendants agreed to pay Plaintiff sums that they deem a reasonable compromise of the claims, after having been advised of their rights by experienced employment counsel.

Under the Settlement Agreement, Defendants will pay the gross settlement amount specified in the Settlement Agreement, which is inclusive of attorneys' fees and costs. The Settlement Agreement is broken down into different payments allocating the total payment between (1) wages, (2) liquidated / non-wage damages, and (3) attorneys' fees and costs. The Settlement Agreement further allocates part of the gross settlement amount to a release of any other potential employment claims. The settlement reached by the Parties calls for a release of the FLSA claims, the VOWA claims, and other employment claims, and payment to Plaintiff of the gross settlement amount which is inclusive of attorneys' fees and expenses of litigation.

## IV.   THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT

The Court should approve the Settlement Agreement because the settlement is the product of contested litigation, the Parties are represented by competent and experienced counsel, and the Settlement Agreement reflects a fair and reasonable compromise over disputed issues. The Settlement Agreement's provisions are fair and reasonable in light of the disputed issues. As the

Court noted in *LaFleur v. Dollar Tree Stores, Inc.,* "[i]in determining whether a settlement is 'fair, adequate, and reasonable' there is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed." 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (internal citations omitted). When evaluating whether to approve a settlement agreement, the Court may consider the following factors:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the Plaintiff;

(5) the probability of Plaintiff's success on the merits and

(6) the amount of the settlement in relation to the potential recovery.

*Id.*

The Parties reached this settlement after engaging in informal discovery of damages calculations, based on necessary time and payroll records, as well as copies of the applicable provisions of the VOWA, to allow them to engage in full and complete settlement discussions regarding the allegations. Had the matter proceeded to the trial, the Parties anticipate that these materials would have been central to the case. By settling this matter before engaging in extensive formal discovery, the Parties saved the significant expense of protracted ESI discovery. While Plaintiff believed he had a reasonable probability of success on the merits, based on his evidence and anticipated testimony, Defendants believed they had a reasonable probability of success on the merits, based on their evidence and defenses.

The total amount of the settlement is $50,000. After deduction of attorneys' fees, the amount of the settlement going to Plaintiff for wages and liquidated / non-wage damages

($30,000), using Plaintiff's initial, pre-discovery damages model, is approximately 200% of Plaintiff's best potential recovery of unpaid overtime wages ($15,001.25); 100% of his best potential recovery on the FLSA wage and liquidated damages claims ($30,002.50), assuming he prevailed on all FLSA issues: misclassification, time worked, and good faith / liquidated damages; and 66.67% of his best potential recovery had he prevailed on all of the above issue plus proven that Defendants "knowing failed" to pay his overtime owed under the VOWA ($ 45,003.75).

The settlement payment to Plaintiff greatly exceeds the outcome ($0, minus litigation costs) he would have received had Defendants prevailed on the misclassification issue.

The Settlement Agreement (Exhibit 1) allocates Plaintiff's $30,000 payment into $14,000 for alleged unpaid overtime wages with all proper withholdings; $1,000 for any other alleged unpaid wages with all proper withholdings; $14,000 for alleged liquidated damages; and $1,000 for any other alleged non-wage damages, consistent with 29 U.S.C. § 216(b), Va. Code §§ 40.1-29(J) (2021), and employment claims generally.

The Settlement Agreement provides for attorneys' fees in the total amount of $20,000, which pursuant to an underlying fee agreement represents 40% of Plaintiff's total settlement. As of the filing of this brief, Plaintiff's counsel has expended more than 44.5 hours in preparing, litigating, mediating and resolving this case. Plaintiff's counsel anticipates that his reasonable hourly rate in this case would be $425, based on his current rate charged to hourly clients. The fee amount provided by this settlement is therefore comparable to counsel's fees on an hourly basis to date (44.5*425= $18,912.5) and offers a significant discount below what could have been awarded on a fees motion had the case been litigated and resulted in an adjudicated judgment for Plaintiff.

A thorough review of the Settlement Agreement will reveal that the settlement is fair, adequate, and reasonable. Plaintiff was represented by counsel experienced in FLSA litigation who

protected the rights of his client during the negotiations. The settlement reflects a reasonable compromise regarding bona fide disputes between the parties regarding the questions of liability and the amount of alleged damages under the FLSA and the VOWA.

Further, the Parties agree that the settlement is fair, just, and adequate to settle Plaintiff's claims. The endorsement of the Settlement Agreement by counsel for both Parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008). Here, Plaintiff's counsel is fully aware of the factual contentions of the Parties and is in the best position to opine as to whether this settlement produces fair results for Plaintiff after consideration of risks. Plaintiff made an educated decision to agree to the terms of his settlement. Plaintiff and Plaintiff's counsel have concluded that a settlement with Defendants on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff.

The Parties also jointly submit that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

Counsel for the Parties jointly waive a hearing on this Motion but are available for a hearing if the Court requests one to ratify the Settlement Agreement.

## V. **CONCLUSION**

For these reasons, the Parties respectfully request that this Court approve the proposed Settlement Agreement in this matter, attached as Exhibit 1. The Parties further respectfully request that, should the Court approve the Settlement Agreement, it also dismiss this action with prejudice, while maintaining jurisdiction to enforce the terms of the Settlement Agreement.

Dated: December 5, 2022

**Respectfully submitted,**

**PATRICK LAMBIE**

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
Coffield PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
tc@coffieldlaw.com
Counsel for Plaintiff

**ENTEGEE, INC.**

/s/ Kevin D. Holden
Kevin D. Holden (VSB No. 30840)
Shannon A. Delano (VSB No. 95427)
Jackson Lewis P.C.
P.O. Box 85068
Richmond, Virginia 23285
Tel.: (804) 649-0404
Fax: (804) 649-0403
kevin.holden@jacksonlewis.com
shannon.delano@jacksonlewis.com Counsel for Defendant Entegee

Counsel for Defendant Entegee, Inc.

**SUNCOKE ENERGY, INC.**

/s/ Ramesh Murthy
Ramesh Murthy, Esq.
VSB No. 31801
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276.628.5151
Fax: 276.628.5621
rmurthy@pennstuart.com
Counsel for SunCoke Energy, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Kevin D. Holden
Counsel for Entegee, Inc.

4887-8807-5074, v. 1

10